UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY RAMIREZ<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KING COUNTY, WASHINGTON and OFFICER JEFF HANCOCK, and his respective marital community, if any;<br><br>　　　　　　　Defendants. | No. C06-1471Z<br><br>ORDER |

This matter comes before the Court on Defendants' Motion for Summary Judgment, docket no. 13, by Defendants King County, Washington, and Officer Jeff Hancock, and Plaintiff's Motion for Leave to Amend Complaint, docket no. 17, by Plaintiff Ricky Ramirez. The Court having considered the parties' motions, responses, and replies, hereby GRANTS Defendants' Motion for Partial Summary Judgment, docket no. 13, and GRANTS Plaintiff's Motion for Leave to Amend Complaint, docket no. 17.

In 2004, Mr. Ramirez claims that while driving his motorcycle in Burien, Washington, he noticed sirens behind him. Compl., docket no. 1, ¶ 7. When he stopped his motorcycle, Officer Hancock hit his motorcycle with the patrol car, knocking him over. Id. Mr. Ramirez was subsequently shot twice with a Taser gun. Id. Mr. Ramirez alleges he sustained physical injuries on his leg, stomach, and chest, as a result of Officer Hancock's actions. Id. He was subsequently charged with eluding a police officer, but was acquitted at trial. Id. ¶ 8.

ORDER  1–

As a result of what Mr. Ramirez contends was an unlawful stop, Mr. Ramirez asserts claims in this Court violations of the United States Constitution, pursuant to 42 U.S.C. §§ 1981, 1983; violations of the Washington State Constitution; violation of RCW § 49.60.030; assault and battery; false imprisonment; defamation and false light; infliction of emotional distress; and negligent hiring, training, and supervision. See Compl., docket no. 1, at 3-5.

Defendant moves for partial summary judgment, and asks the Court to dismiss the following claims: (1) all claims under the Fifth and Fourteenth Amendments to the United States Constitution; (2) all claims brought under the Washington State Constitution; (3) the claim brought under RCW 49.60.030; (4) the claim for negligent infliction of emotional distress; (5) the claim for negligent hiring, training, and supervision; and (6) all claims for punitive damages under Washington law and for such damages against King County under 42 U.S.C. § 1983. See Motion, docket no. 13, at 1.

Plaintiff does not oppose the motion for partial summary judgment, except as it relates to Plaintiff's claim for negligent hiring, training, and supervision. See Response, docket no. 14, at 1. Accordingly, Defendants' Motion for Summary Judgment on all other claims is therefore GRANTED; the Court will consider, on the merits, only Plaintiff's claim for negligent hiring, training, and supervision.

## DISCUSSION

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir.

ORDER  2–

1991). In order to defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations, or argumentative assertions that material facts are in dispute. Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir. 1994).

For purposes of these motions for summary judgment, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). However, where no *factual* showing is made in opposition to a motion for summary judgment, the District Court is not required to search the record *sua sponte* for some genuine issue of material fact. See Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1029 (9th Cir. 2001).

Under Washington law, claims for negligent hiring, training, and supervision are otherwise improper where the employer concedes that the actions occurred within the course and scope of employment. See Gilliam v. DSHS, 89 Wn.App. 569, 584-85 (1998); see also Rodriguez v. Perez, 99 Wn.App. 439, 451 (2000). Defendants therefore ask the Court for partial summary judgment on Plaintiff's claim for negligent hiring, training, and supervision. Plaintiff does not dispute that a negligent hiring, training, and supervision claim is inappropriate under State law.

However, Plaintiff contends that his claim for negligent hiring, training, and supervision is actually a custom, practice, or policy claim against a municipal Defendant brought pursuant to 42 U.S.C. § 1983. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978). As plead, however, Plaintiff's claim is not a claim under § 1983. Plaintiff's § 1983 claims are set forth in Count 1, while the claim for negligent hiring, training, and supervision is in Count 7, among various other common law torts. The Defendants note the difference between a common law negligent hiring, training, and supervision claim, as compared to a Monell claim for municipal liability (i.e., municipal

ORDER   3–

liability exists only where the municipality acts with "deliberate indifference" to the rights of the Plaintiff).  See City of Canton v. Harris, 489 U.S. 378, 390 (1989).

The Complaint does not allege a cause of action for municipal liability under § 1983. Accordingly, the Court GRANTS the Defendant's Motion for Summary Judgment, docket no. 13.  Plaintiff's state law claim for negligent hiring, training, and supervision is improper because King County has conceded that Officer Hancock's actions were within the scope of his employment.

However, Plaintiff also seeks to amend his complaint to add a policy or custom claim pursuant to § 1983, and to add the City of Burien as a Defendant.  See Motion to Amend, docket no. 17.  Defendants allege that the delay weighs against allowing the amendment; however, they concede that "the City would probably tender the case to King County and the tender would likely be accepted . . . ."  See Response, docket no. 18, at 6.  Defendants do allege, however, that the impact of adding the "policy and custom claim" would be significant, and note that they will seek to bifurcate that claim from the individual claims. See id. at 5-6.  Notably, trial in this matter is set for May 27, 2008, and the Defendants do not allege that any prejudice would result from granting the motion to amend.  Rather, Defendants only argument is that Plaintiff should have acted with more diligence.  The Court GRANTS the Motion to Amend, docket no. 17.

## CONCLUSION

For the reasons stated in this Order, the Court GRANTS the Defendant's Motion for Partial Summary Judgment, docket no. 13.  The Court GRANTS the Motion to Amend, docket no. 17.

IT IS SO ORDERED.

DATED this 13th day of July, 2006.

Thomas S. Zilly
United States District Judge

ORDER   4–